## UNITED STATES v. WOMACK et al.
### No. 6577.

Circuit Court of Appeals, Seventh Circuit.
July 29, 1938.

Harold J. Bandy, of Granite City, Ill., for appellants.

Arthur Roe, U. S. Atty., and Ray M. Foreman, Asst. U. S. Atty., both of Danville, Ill., and Carl W. Feickert, Asst. U. S. Atty., of East St. Louis, Ill., for the United States.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

The appellants were charged with using the United States mails to promote frauds in violation of section 215 of the Criminal Code (18 U.S.C.A. § 338). These charges were set forth in thirteen separate counts. The fourteenth count of the same indictment charged them with having conspired to commit an offense against the United States, in violation of section 37 of the Criminal Code (18 U.S.C.A. § 88). The criminal objective of the last count was alleged to be the violations of section 215 as set forth in count one, and it was further alleged that in order to effectuate the conspiracy appellants placed and caused to be placed certain letters, reports and writings, addressed to certain persons, companies and corporations within the United States, in United States post offices for delivery.

Appellants, John F. and Bertha Mae Womack, and Mildred Felis were convicted and sentenced under all counts. Appellants, Thomas Felis, Margaret Robertson, John V. and Anna Ehrmann, and Joe and Blanch Miller were acquitted on the first

thirteen counts, but were convicted and sentenced under the fourteenth count. A joint trial was had before a jury, and from the judgment this appeal is prosecuted. The evidence is not before us, and the only questions presented relate to the sufficiency of each count of the indictment. The Government has filed its motion to dismiss the appeal or, in the alternative, to affirm the judgment, because appellants have not filed their brief within the time provided by our rule. Technically the rule was violated. Appellants, however, show that the Government had their copies of the brief at the proper time, and that the others were not filed with the Clerk in time because of appellants' financial stress. Under these circumstances we permit the briefs to be filed, and will consider the merits.

The first count describes the scheme to defraud which appellants are charged with having devised, and the other counts adopt this descriptive language by reference.

The first count alleges that the defendants unlawfully devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses and representations, from a certain class of persons, companies and corporations, then resident in divers states of the United States, that is to say, those persons, companies and corporations who, by the means hereinafter described, should be induced by the defendants to pay over to them, the said defendants, or any of them, money, property or things of value under their own names or fictitious or assumed names. It then avers that those intended to be victimized were Massachusetts Bonding and Insurance Company, St. Louis Public Service Company, Maryland Casualty Company, and other casualty and public service companies therein designated. It then charges that one or more of said defendants did pretend and represent that he, she, or they, had sustained or received personal injuries due directly and proximately to the carelessness and negligence of one of the persons to be defrauded or of its assured, or of an officer, agent, servant or employee of said assured or of said person to be defrauded; that thereafter the said defendants did thereupon present false and fictitious claims of damages to one of the persons to be defrauded

and request and demand that said person to be defrauded settle with the defendant or defendants so claiming to be injured by paying over to such defendant, or defendants, money, property, or things of value as compensation for the alleged damages growing out of said alleged injuries, the defendants well knowing that there were no accidents as claimed, and that the accidents they had, or claimed to have had, which caused or were alleged to have caused the personal injuries suffered by them, or alleged to have been suffered by them, were planned, contemplated and premeditated; and that said defendants in effecting, or attempting to effect, settlement or recovery for said alleged injuries, did use false and fictitious names and addresses; that said defendants claimed relationships which did not exist, and made false and fraudulent statements and representations as to their marital status; all of which representations the defendants, when so devising said scheme and artifice, and at the time of committing the several offenses in this indictment hereinafter mentioned, well knew, were, and would be, false and fraudulent pretenses and representations, and that all of said representations and pretenses were made with the purpose and intent of inducing said persons to be defrauded to pay to them, the said defendants, through the defendant or defendants claiming to have sustained certain injuries, their money and property or things of value with the fraudulent intent and purpose of each of said defendants to convert the same to their own use.

The charging parts of counts one to thirteen, inclusive, are based upon the foregoing description of the alleged scheme to defraud.

Following the allegations by way of inducement, count one charges that, on June 12, 1934, for the purpose of executing said scheme, the defendants unlawfully, willfully, knowingly, fraudulently and feloniously caused to be placed in the post office of the United States at East St. Louis, a certain letter, enclosed in a postpaid envelope, addressed to Hickey-Mitchell Company, Pierce Building, St. Louis, Missouri, which was written by Baker & Lesemann, attorneys at law, of East St. Louis, and which is set forth verbatim in the count. Counts two to thirteen, inclusive, each set forth a dif-,

ferent letter, and each count alleges that the particular letter pleaded was mailed for the purpose of executing the scheme described in count one.

The fourteenth count of the indictment charges that from June 12, 1934, to the time of the filing of the indictment, the defendants "did unlawfully, willfully, knowingly and feloniously, conspire, combine, confederate and agree together, and with each other, to commit offenses against the United States, to wit, violations of section 215 of the Criminal Code of the United States [18 U.S.C.A. § 338], in that they did devise, and intended to devise, a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses and representations, as described in count one of this indictment, the allegations concerning which in said first count are incorporated herein by reference thereto, and made a part of this count as fully as if they were repeated here, and for the purpose of executing such scheme and artifice, and of effectuating said conspiracy, and in attempting so to do placed, and caused to be placed, letters, reports and writing, addressed to said persons, companies and corporations within the United States, in post offices and stations thereof of the United States, to be sent and delivered by the United States post office." This count then sets forth forty-nine alleged overt acts.

Following the overruling of appellants' demurrer to the indictment, they requested a bill of particulars, which the court ordered the Government to furnish, with respect to the following information:

(a) Whether the false representations charged were written or oral,

(b) The name of any intended victims not named in the indictment,

(c) What, if any, relation a number of named persons sustained to appellants in writing and mailing certain letters, and whether any of such persons were authorized by appellants to write them,

(d) What, if any, part certain appellants had in writing and mailing of certain specified letters,

(e) What, if any, false pretense was made, or act done by each appellant with reference to the alleged fraud committed as alleged in each of the first thirteen counts.

The Government furnished the requested particulars, and no objections were made as to their completeness.

In the order presented appellants contend that the fourteenth count is void because it fails to charge that appellants conspired to use the mail. Conceding without admitting that there is an omission of such direct allegation, we hold that the count is impervious to the attack made upon it, under the following decisions: Morris v. United States, 8 Cir., 7 F.2d 785; Tank v. United States, 7 Cir., 8 F. 2d 697; Pandolfo v. United States, 7 Cir., 286 F. 8; Preeman v. United States, 7 Cir., 244 F. 1. The motion in arrest of judgment based on the same objection was correctly denied.

It is further contended by appellants that each of the first thirteen counts is insufficient because each fails to inform appellants of the nature and cause of the accusations. A study of these counts, aided by the bill of particulars, convinces us that there is no merit in this contention. See Moffatt v. United States, 8 Cir., 232 F. 522; Gardner v. United States, 8 Cir., 230 F. 575. An indictment charging a violation of section 215 of the Criminal Code need not allege evidentiary facts. Chew v. United States, 8 Cir., 9 F.2d 348.

Appellants further urge that it is not alleged that the accidents or injuries upon which the claims were based were not suffered by them. A perusal of the counts, and a consideration of all the facts alleged do not support this contention.

It is further contended by appellants that the letters set forth in some of the counts could not be attributed to the effectuation of the scheme. This contention could scarcely apply to any of the counts except counts one and eleven, and we think it is not tenable as to these. See Preeman v. United States, supra.

Appellants further contend that the first thirteen counts allege as many separate and unrelated offenses, involving different defendants. Hence they argue there is a misjoinder of parties and offenses. There is no merit in this contention. Pointer v. United States, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208; Arnold v. United States, 7 Cir., 7 F.2d 867; Ader v. United States, 7 Cir., 284 F. 13.

Judgment affirmed.