## UNITED STATES v. SHECTER.
### No. 7959.

District Court, E. D. Pennsylvania.
July 29, 1940.

J. Cullen Ganey, U. S. Atty., and Francis W. Sullivan, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

I. Finkelstein, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This matter arises upon a motion to quash an indictment founded upon Section 215 of the Criminal Code, 18 U.S.C.A. § 338, pertaining to the use of the mails in furtherance of a scheme to defraud.

The indictment charged the defendant, who was engaged in business in the City of Philadelphia, with inducing various persons, firms and corporations " * * * by false and fraudulent artifices and devices to extend credit to him * * * and to sell and deliver to him * * * their * * * merchandise and property on credit upon the faith of certain representations in writing and otherwise, hereinafter more fully described." The indictment continued: "Said defendant intended, as a part of said scheme and artifice to defraud that, having been engaged in business as aforesaid under the name and style of 'The Starlite Company', he would put himself into communication with the said victims by means of the Post Office Establishment of the United States * * *

and would represent and cause to be represented in financial statements, correspondence and otherwise to the said victims that the said The Starlite Company, of which he was the owner and proprietor, was possessed of a total net worth of $8,558.90 and that the total assets of the said The Starlite Company were $11,089.60, with total liabilities of $2530.70 which defendant represented were not yet due, and divers other representations, said representations being as of January 15, 1937 and being in writing and otherwise, as to the financial condition of the said business of The Starlite Company with reference to the assets and liabilities thereof, * * * with intent in him, the said defendant, that said victims would, upon receipt of and learning of said representations made by him * * * extend credit to the said The Starlite Company and would sell and deliver to the said The Starlite Company goods and property on credit in the belief that all of said representations were true and correct. It was further a part of the said scheme and artifice to defraud that the said representations made as aforesaid by the said defendant, A. Samuel Shecter, to the said victims, would be false and fraudulent in that he, the said defendant, would not possess the total net worth of $8,558.90, and would not possess assets in the sum of $11,089.60 and would possess liabilities much in excess of $2530.70, said liabilities being past due and payable, whereas in truth and in fact as he * * * then and there well knew, the business of the said The Starlite Company would not be in the condition on January 15, 1937 as he * * * would state and declare same to be in the said representations made to said victims, and all of the said representations then and there and at all times the said defendant, A. Samuel Shecter, well knew to be false and fraudulent and made with intent in him to defraud the victims aforesaid." Seventeen counts are contained in the indictment, each relating to particular acts of using the mails in violation of Section 215, supra.

The motion to quash is based upon two alleged defects in the indictment: (1) The alleged absence of any averment setting forth the manner in which the financial statement was false, and (2) the use of the words "would be", "would not possess", and so forth, in averring the falsity of the representations.

A careful examination of the averments of the indictment, in light of the governing statute and decisions thereunder constrains the conclusion that defendant's contentions cannot be upheld.

 With regard to the alleged absence of any averment stating the manner in which the financial statement was false, it should be observed that the indictment charges "* * * that the said representations. * * * would be false and fraudulent in that he, the said defendant, would not possess the total net worth of $8,558.90, and would not possess assets in the sum of $11,089.60, and would possess liabilities much in excess of $2530.70, said liabilities being past due and payable * * *." Thus, the indictment contains not only a general averment as to the falsity of the financial statement, but also specific allegations that (1) the liabilities were much in excess of those represented and (2) that they were past due and payable, whereas defendant allegedly had represented them as not yet due. "While the scheme to defraud is a necessary element of the offense charged, yet the gist of the offense is the use of the mails, and it is only essential that the scheme be charged with such particularity as will enable the accused to know what he may be expected to meet on trial." United States v. Minnec, 7 Cir., 104 F.2d 575, 577; see also United States v. Graham, D.C., 8 F.Supp. 87. "An indictment charging a violation of section 215 of the Criminal Code [18 U.S.C.A. § 338] need not allege evidentiary facts." United States v. Womack, 7 Cir., 98 F.2d 742, 744. The indictment charges the offense with sufficient particularity (1) to apprise defendant of what he must be prepared to meet and (2) to make the judgment a bar to a second prosecution for the same offense. Nothing more would appear to be required. Lonergan v. United States, 9 Cir., 88 F.2d 591, 594.

 Respecting the objection previously noted arising from the use of the word "would", I am unable to agree with defendant's contention that the indictment consequently speaks in futuro and that no misrepresentation of an existing material fact is alleged. A reading of the relevant portions of the indictment, quoted above, in which the word repeatedly is employed, indicates its use merely in a narrative manner describing a series of past occurrences. Moreover, the allegedly false financial statement is stated to be a representation of defendant's financial status as of January 15, 1937, whereas the unlawful acts

charged are mailings of the aforesaid statement, subsequent to that date, in furtherance of a scheme to defraud. The averments of the instant indictment may not be stated with consummate perfection but, nevertheless, their sufficiency to accord the Defendant a fair trial must be recognized. The days when meaningless technicalities, which in no way impair the fundamental rights of a defendant, might operate to impede the course of justice are long past.

Accordingly, the motion to quash the indictment is denied.