## UNITED STATES v. MOMSEN.
### No. 7250.

Circuit Court of Appeals, Seventh Circuit. Nov. 9, 1940.

Rehearing Denied Nov. 25, 1940.

Wm. J. Kershaw, of Milwaukee, Wis., for appellant.

B. J. Husting, U. S. Atty., and Carl R. Becker, Asst. U. S. Atty., both of Milwaukee, Wis., for appellee.

Before EVANS, SPARKS, · and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This defendant was charged by indictment containing thirty-nine counts. The first thirty-eight charged him with the use of the United States mails in the execution of a scheme to defraud by means of false representations and promises with respect to Associated Adjusters, a Wisconsin corporation. The last count charged him with conspiracy with another person to commit the offenses set forth in the other counts of the indictment. The several counts were contested by demurrer and motions to quash and to dismiss. They were overruled by the court, and the case was tried to a jury. At the conclusion of all the testimony, the defendant moved for a directed verdict. This motion was sustained as to the thirty-sixth count and overruled as to all others. A verdict of guilty was returned upon counts numbered one to thirty-five inclusive, and also as to counts thirty-seven and thirty-eight. He was found not guilty on the conspiracy count. Thereupon, the defendant moved for a new trial and for arrest of judgment, which was overruled. Thereupon, the court rendered judgment of guilty in accordance with the verdict and fixed the penalty. From this judgment the defendant appeals, and the denial of his motion in arrest of judgment is the only assignment relied upon.

The motion for arrest of judgment challenges the sufficiency of the indictment and is a repetition of the ground set forth in his demurrer previously overruled.

There are four assignments of error. The first three cover practically the same ground. They are based on the contention that the indictment does not describe the nature and extent of the scheme alleged in each of the first thirty-eight counts with sufficient certainty to advise the defendant of the nature of that scheme, or to enable him to plead the judgment of the court as a bar to further prosecution for the same acts. The indictment is quite voluminous and it will serve no good purpose to to set it forth here. The first thirty-eight counts, except the thirty-sixth, were practically alike in composition, except as to the difference in facts upon which the counts were severally based. Each of these counts charges the defendant with the use of the United States mails in execution and furtherance of a scheme to defraud, under section 215 of the Criminal Code, 18 U.S.C.A. section 338. This part of each count is in the language of the statute. Each count charges:

"That it was part of said scheme * * * that the defendant * * * did continuously * * * dominate, manage, and operate Associated Adjusters."

"That it was further a part of said scheme that the defendant did make, and through his agents and employees did cause to be made false pretences, representations and promises in the execution of said scheme to the persons to be defrauded, to induce them to send and pay over their money and property to the defendant, through and by means of divers letters, post cards, advertisements, publications and want-ads, which said false and fraudulent pretences, representations and promises would be, were intended to be, and were, in fact, substantially as false, that is to say: * * * (here are set forth nineteen specifications of false and fraudulent pretences, representations and promises).

"That each and every one of said representations, pretences and promises * * * were made as a part of said scheme to obtain sums ranging from Two and One-half to Five Dollars from so-called members * * * that the said defendant then and there well knew and intended that the said representations, pretences and promises were and would be false and fraudulent, as aforesaid, and then and there knew and intended that they be made as a pretence and subterfuge to obtain money from said class of persons, as aforesaid, for the personal use, gain and profit of the defendant."

Following this, each count specifically charges the mailing of a letter by defendant, at the time and place therein stated, for the purpose of executing the scheme,

and a photostatic copy of the letter was therein set forth.

It must be noted that the gist of this indictment is the unlawful use of the mails. Of course, the formation of the scheme is essential to the offense, but it is only essential to charge the scheme with such particularity as will enable the accused to know what is intended, and will fairly acquaint him with what he will be required to meet at the trial. United States v. Minnec, 7 Cir., 104 F.2d 575. See, also, Spear v. United States, 8 Cir., 228 F. 485.

We are convinced that each of these counts now under discussion is impervious to attack. An indictment is not fatally defective because it charges an executed scheme by alleging that the defendant falsely represented and pretended certain things, instead of alleging that it was the plan that the defendant would falsely represent and pretend such things. Gould v. United States, 8 Cir., 209 F. 730. This seems to be the distinction which appellant seeks to apply, and we think his position in this respect is not tenable. In Chew v. United States, 8 Cir., 9 F.2d 348, the court said that an indictment was not bad because of the allegation that it was part of the scheme that a named syndicate would be and was dominated and controlled by a named defendant. It further stated that while the court did not endorse that form of pleading, it held that the alleged defect was one of form and that no one could fail to understand the character of the scheme and relationship of the defendant thereto.

We are unable to conceive what other facts pertinent to this controversy could have been alleged that would have aided the defendant in any respect in his trial. Furthermore, a motion for arrest of judgment is not favored as a means of testing the sufficiency of a description. Havener v. United States, 10 Cir., 49 F.2d 196. A motion for arrest of judgment reaches only defects of substance. Goetz v. United States, 7 Cir., 59 F.2d 511. It has further been held that an informal and imperfect allegation of essential fact should be deemed a sufficient averment of that fact when tested by a motion for arrest of judgment. United States v. Dimmick, D.C., 112 F. 352. We think the court properly overruled the defendant's

motion with respect to the counts in issue.

The defendant contends that the thirty-ninth count was defective because the conspiracy therein referred to was based upon the identical facts contained in the previous counts. It has been held, however, that conspiracy to defraud by misuse of the mails is a substantive offense, and is distinct from the offense of forming a scheme to defraud and by use of the mails for that purpose. Morris v. United States, 8 Cir., 7 F.2d 785. Appellant relies on Short v. United States, 4 Cir., 91 F.2d 614, 112 A.L.R. 969, which cites two cases from this circuit, Murphy v. United States, 7 Cir., 285 F. 801; Miller v. United States, 7 Cir., 4 F.2d 228. In each of these cases it was merely held that under the conspiracy statute only one criminal charge of conspiracy could be based on the same facts, and that question is not before us.

We think there is no basis for asserting double jeopardy in this case. In any event, defendant was not harmed in any way by the court's ruling on the motion and arrest of judgment on the thirty-ninth count, because the jury returned a verdict of not guilty on that count, and judgment was rendered accordingly.

Judgment affirmed.