## BLOCH v. UNITED STATES.
### No. 11654.

Circuit Court of Appeals, Fifth Circuit.
Nov. 27, 1946.

Rehearing Denied Dec. 26, 1946.
Writ of Certiorari Denied March 17, 1947.
See 67 S.Ct. 978.

William H. Fryer and Coyne Milstead, both of El Paso, Tex., for appellant.

James M. Burnett, U. S. Atty., of San Antonio, Tex., and Holvey Williams, Asst. U. S. Atty., of El Paso, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

Charging appellant and another with violations of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., and Regulations, the indictment was in four counts. Counts one and two each charged a sale of tires above ceiling, count three charged failure to post ceiling price, count four charged sale without issuing the required receipt. Convicted on all four counts and given a sentence which was less than could have been imposed on any one of them, appellant is here seeking a reversal on these grounds: (1) The insufficiency of the evidence; (2) the failure of the court to properly charge the law to the jury; and (3) the refusal of special charges he asked.

We find no merit in any of the grounds. The evidence, consisting of the testimony of government agents who made the purchases and of a co-defendant, Goldberg, who was in charge for appellant of the place of business, was brief and to one effect. This was that in appellant's place of business where no maximum prices were posted, Goldberg, as his representative, had sold tires above ceiling prices. Appellant did not testify, nor did Goldberg, that appellant had been entrapped. Assuming without deciding, that failure of the trial judge to charge the law fully is fundamental error [1] and that, though appellant did not except to the failure, he may assign it here as error, it is quite clear that the charge complained of here is not vulnerable to the objections urged against it.

Of the failure to give the charges appellant requested, it is sufficient to say of that on entrapment that the issue was not raised,[2] and of the others, that so

---

[1] Cf. United States v. Levy, 3 Cir., 153 F.2d 995; Corson v. United States, 9 Cir., 147 F.2d 437; Morris v. United States, 9 Cir., 156 F.2d 525, cited by appellant.

[2] Shaw v. United States, 6 Cir., 151 F. 2d 967.

far as they were correct, their substance was given in the main charge.

No reversible error appearing, the judgment is affirmed.