## UNITED STATES v. FREEMAN.
### No. 9069.

Circuit Court of Appeals, Seventh Circuit.
April 15, 1948.

Rehearing Denied May 17, 1948.

Theodore E. Rein, of Chicago, Ill. (Ernest A. Braun, of Chicago, Ill., of counsel), for appellant.

Otto Kerner, Jr., U. S. Atty., and Lawrence J. Miller and Bernard H. Sokol, Asst. U. S. Atty., all of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and MINTON, Circuit Judges,

EVANS, Circuit Judge.

Appellant was convicted of the crime of using the mails in furtherance of a scheme to defraud, and duly sentenced on said conviction. He assigned numerous errors which he contends were committed on the trial, among which are (a) failure to dismiss the case at the end of the trial, for want of sufficient evidence to support a verdict of guilt; (b) the reception of inadmissible evidence; (c) the rejection of evidence which defendant offered; (d) errors in the charge of the court to the jury; (e) improper observation of Government counsel to the jury; (f) insufficiency of the indictment; (g) failure of the court to compel the prosecution to elect between the conspiracy charge in the indictment and the substantive crimes set forth in each of the other twenty-eight counts.

Defendant was sentenced on both the conspiracy and substantive charges to serve a term in the penitentiary. The sentences are all to run concurrently. The sentence on each of the substantive counts was five years and upon the conspiracy count was two years.

Lengthy briefs have been filed to sustain the foregoing assignments of error, some of which need not be given special or lengthy consideration.

■■ Seriously and elaborately, counsel argue that the court should have compelled the prosecution to elect between the conspiracy count and the substantive offenses and to have dismissed the one not elected. Frankness compels us to say this contention is frivolous and not debatable. U. S. v. Momsen, 7 Cir., 115 F.2d 635; Ader v. U. S., 7 Cir., 284 F. 13; Heike v. U. S., 227 U.S. 131, 33 S.Ct. 226, 57 L.Ed. 450, Ann. Cas.1914C, 128. Nothing is better settled than that conspiracy is a crime separate from substantive crimes and may be prosecuted in connection with the latter. U. S. v. Momsen, supra; Heike v. U. S., supra; Ader v. U. S. supra.

The comment of the Conference of Senior Circuit Judges held in 1925, to which reference was made in the appellant's brief, was a warning to district attorneys against excessive or misuse of the conspiracy charge. It in no way sought to pass upon the validity of joinder in an indictment of a conspiracy charge with the substantive offense.

Nor did it in any way seek to disturb, nor could it unsettle, the existing law to the effect that the conspiracy crime is separate and distinct from the substantive offense. This warning has been so frequently cited in this court and passed upon by the court against the contention of appellant, that it would be inexcusable to discuss further the ruling or to make quotations from the various decisions.

■■ The sufficiency of the evidence to support the conviction necessitates an extended consideration of the somewhat lengthy record, which consideration we have made. Concerning the veracity of the witnesses and the legitimate deductions from their testimony, we can only say we can not pass as intelligently on such issues as the trial judge or the jury. We are not permitted to do so. Our study must be, and is, directed to the evidence only to ascertain its sufficiency to justify the verdict of guilt. The fact that one defendant was acquitted and the jury was unable to agree as to the guilt or innocence of several

others, while of passing interest, does not change the law which imposes on the jury the sole responsibility of determining the fact issue of guilt.

In fact, we might say in passing that the jury's action in finding one defendant guilty and being unable to agree as to the guilt of another, suggests the presence of a fair minded, deliberative body whose verdict as to the appellant's guilt is entitled to more weight than otherwise.

We are, however, not required, nor permitted, to weigh the seriousness of the jury's deliberation, nor its effort to do justice between defendant and the Government.

In passing it might be said that the defendants were of two groups; one consisted of the salesmen who participated in the alleged fraud, if any. These were the defendants over whose guilt the jury was unable to agree. Their alleged guilt was not comparable to, nor was it so seriously argued, as that of the appellant who was the originator and dynamic force behind the alleged scheme to defraud.

Our study was early directed to the alleged existence of a scheme to defraud and what that scheme was. The subject-matter of said scheme was whiskey; its conversion from the barrel container state to bottle, the use of labels, its aging and the necessity for further aging and its sale to the public; the secret pocketing of profits on sale of warehouse receipts; and alleged misrepresentations concerning advisability of switching from aged to green whiskey. These were all parts of the alleged scheme to defraud. The company through which the operation was conducted was known as the Consolidated Associates, Inc. The corporation was organized in Illinois in December, 1939. Appellant was one of the incorporators and the director, who with one Garfield, was mainly responsible for its creation and later activities. Garfield was also indicted but died before the trial.

Consolidated Associates, Inc., dealt in whiskey warehouse receipts. Its agents sought individuals who possessed substantial amounts of whiskey in the barrel and obtained transfers of this whiskey through assignment of the warehouse receipt certificates and otherwise, and, under promise to the holder that Consolidated Associates, Inc., would bottle the same, or exchange it for other whiskey allegedly of older vintage or better grade and sell under a prominent label. Consolidated Associates, Inc., made use of two brands which the evidence tended to show were favorably known and extensively used.

There was some evidence to the effect that the use of one of the labels was unauthorized and appellant made fraudulent use of the name.

The alleged profits, which the exchange of green whiskey in barrels into bottled whiskey under the aforesaid labels would bring, were alluring.

As a further part of the scheme of the Consolidated Associates, Inc., it appears appellant sought and acquired warehouse certificates and not infrequently sold the whiskey at a substantial profit and retained all of said profits, not letting the victims know of the sale. The latter gentlemen (the victims) waited patiently for the profits that would come from the conversion of the whiskey into bottles and then sold under the more prominent label, and when time for bottling was long past due, it appears appellant's salesmen would persuade the owners to switch back to green whiskey to hold for still more profitable bottling.

The record warrants the observation that these individuals are still waiting. Consolidated failed or closed up. Its affairs were finally handled in a court of bankruptcy after an effort to reorganize under Chapter X, Bankr.Act, 11 U.S.C.A. § 501 et seq., had failed.

Appellant attacks the indictment for many reasons. It is impossible to set forth the indictment in full for it covers sixty-three pages of the printed transcript. The grounds for the motion to quash are thirty-four in number. While the grounds of a motion to quash should be clearly stated, they are here unnecessarily prolix. There are twenty-nine separate counts in the indictment, twenty-eight of which are the substantive counts. They are quite similar save for the overt acts which consist of the use of the mails to carry out the alleged scheme. The Court dismissed nine of the counts as to one of the defendants, because

said defendant had withdrawn from the enterprise before the mail was used as alleged in the overt act of these counts. It also dismissed on six of the counts as to another defendant, and six counts as to still another defendant.

The Court charged the jury at considerable length but hardly more than the length of the trial justified. On the whole, it was not unfavorable to the defendants. The Court clearly stated that the burden was upon the Government to prove the necessary elements beyond a reasonable doubt. The Court said

"You will understand at the outset please, and remember throughout the instructions of the Court, in case I should inadvertently fail to mention it at any time, that in each and every case, if I say something has to be proved by the evidence, I mean by that statement, this being a criminal case, proof beyond a reasonable doubt or to a moral certainty. I do not mean anything less, in any case, than proof beyond a reasonable doubt.

"As you were told at the beginning, and as you will be frequently told during these instructions, proof in a criminal case charging a defendant with a crime must be proof beyond a reasonable doubt. So if I at any time simply say 'proof' inadvertently, please bear in mind throughout these instructions that I mean proof beyond a reasonable doubt, if it is anything that is intended to cast guilt upon any defendant."

At another place the Court said

"The significant fact is the intent and purpose. The statute makes the intent an essential ingredient of a crime. There must be the underlying intent and purpose to defraud. Any plan or scheme devised or designed to get the money or property of others by deceiving them as to the substantial identity of the thing they are to receive in exchange falls within the condemnation of the statute. It is not sufficient for the government to prove that the statements or representations made by the defendants were false."

In the absence of any specific criticism of the indictment we hold that the indictment was sufficient to state a cause of action.

The character of the defendant's motion to quash the indictment appears in the following objections:

"1. That this Indictment, and each count of this Indictment, does not state facts sufficient to constitute a crime * * *

"2. That Count 1 of this Indictment does not clearly charge a scheme under Title 18 U.S.C. § 338 [18 U.S.C.A. § 338] * * *

"14. That the so-called representation in Paragraph 5(m) of Count 1 of this Indictment is frivolous, meaningless and unintelligible in that such representation as is alleged is based upon a meaningless use and play upon the word 'merely'.

"28. That the so-called representation contained in Par. 5 (dd) is a pure negative pregnant, vague, uncertain and wholly unintelligible, and is not alleged to have been falsely made in the form of any such representation as is alleged.

"29. That the so-called representation contained in Paragraph 5 (ee) is a pure negative pregnant, vague, uncertain and wholly unintelligible, and is not alleged to have been falsely made in the form of any such representation as is alleged.

"34. That for all of the reasons herein-set forth, said Indictment is so vague, indefinite, unintelligible and contradictory that defendants cannot plead thereto or prepare trial thereon."

As to the conspiracy count (the 29th count) there can be no serious question as to its sufficiency. The decisions of this and similar courts on the sufficiency of the conspiracy count covering a scheme to defraud are too numerous to require quotations therefrom. They state the law as to the sufficiency of such counts in a criminal indictment. Judged by the standards set forth in these cases, the indictment in this case is sufficiently definite and certain.*

Admissibility of Evidence. Lengthy criticisms are made of the court's ruling

---

* U. S. v. Momsen, 7 Cir., 115 F.2d 635; U. S. v. Womack, 7 Cir., 98 F.2d 742; Preeman v. U. S., 7 Cir., 244 F. 1; Bogy v. U. S., 6 Cir., 96 F.2d 734; Lee v. U. S., 5 Cir., 91 F.2d 326; Wilkes v. U. S., 9 Cir., 80 F.2d 285; U. S. v.

respecting the reception of evidence, which criticisms are tied up with an instruction of the court to the jury. The reference to the portion of the charge to which the objection was made also carried an unfortunate comment of counsel to the jury. In the course of the argument to the jury, one of the defendant's counsel evidently made a comment which was objected to by the District Attorney. The comment that was made and the ruling does not appear. However, upon the court's ruling that the comment was improper, counsel for the defendant stated to the jury: "Well, you see the search for the truth still fails, ladies and gentlemen." The court promptly told the jury to disregard that statement and observed that it was clearly the intention to give the jury the impression that he was being unfair in the trial and he was preventing the jury from receiving the information which it was entitled to receive. The court thereupon gave a rather lengthy statement of why the evidence which had been offered was not received.

■ Regardless of whether the evidence was receivable or not the comment of counsel was entirely improper. The excluded evidence in general related to the more detailed statement of Freeman's dealings with Klein and Schenley and its object was to show appellant's intentions were good but he was thwarted because of the harsh conduct of these competitors.

■■ It is clear that a defendant should be permitted to offer any evidence which bears directly and not too remotely upon his intention, but it is also clear that the court was required to restrict the field so that only legitimate deductions respecting defendant's intention might be ascertained. His intentions were better displayed by his actions and his particular dealings rather than by showing that he would have come out victorious with his competitors if they had not crushed him. Many schemes to defraud might be successful if the promoters' hopes of making a quick large profit were realized. Competition is fierce in most of these industries. Competitors do not help one who is falling by the wayside. Particularly was this so in the whiskey business at this time. In determining his guilt or innocence, his protestations of good intentions were entitled to weight, but the jury was required to weigh his actions and his conduct against his professed innocence and good faith.

■ The defendant complains because the post office inspector was permitted to testify as to the statement which Freeman made to him. The inspector went to the defendant and told him he was investigating the transactions of Consolidated Associates, Inc., and asked him questions. The answers for the most part were defendant's explanations of his transactions and were as favorable as he could hope to make. He never objected to the questioning and later went to the office of the said postal inspector and stated he wanted to state the facts more fully, saying that he understood that the said inspector was investigating his case and that he, the defendant, wanted to show that he did not intend to defraud anybody.

There could be no valid objection to this testimony. However the major portion of this testimony of the postal inspector, as to the second conversation, on appellant's motion was stricken because it was not an admission against interest of the other defendants, and the alleged conspiracy was ended when the conversation took place.

The objection made to the testimony of this witness appeared at the beginning of his testimony. It was "I object unless it appears from the testimony of this witness that he advised Mr. Freeman of his constitutional rights." That was the only objection to the statement that followed.

In the argument in this court it is asserted that the inspector made statements which were received as admissions of the defendant. A reading of the testimony shows that the statements made by the witness consisted mostly of questions and inquiry as to whether it was true that such and such fact occurred. We find no error in the reception of this evidence. It was

Shurtleff, 2 Cir., 43 F.2d 944; Stephens v. U. S., 9 Cir., 41 F.2d 440; U. S. v. Wise, 7 Cir., 108 F.2d 379; Mackett v. U. S., 7 Cir., 90 F.2d 462; Morris v. U. S., 8 Cir., 7 F.2d 785; Scheib v. U. S., 7 Cir., 14 F.2d 75.

not necessary that the witness instruct the defendant as to his constitutional right. We assume counsel referred to his constitutional right to refuse to testify.

■ Objection was also made to the testimony of an auditor who collected figures from Consolidated Associates, Inc.'s books and offered the statement. There was no valid objection to their reception Sec. 695, Title 28 U.S.C.A.; Paschen v. U.S., 7 Cir., 70 F.2d 491.

Likewise, there can be no serious question concerning the use of the mails to further the scheme to defraud. The documentary evidence of letters and brochures sent through the mail attests to that fact. The court dismissed all the counts where there was a failure to prove the overt acts, the use of the mail.

If there be any serious question upon which the jury might ponder, it would be over the fact that the various individuals, called the victims, were speculators in the whiskey field, and were desirous of making large and quick profits through the conversion of their green or inferior whiskey into bottle whiskey and selling the same as a product deceptively branded or misrepresented to the buying public. Not all of the defendant's victims, however, were of this group, and we apprehend that the scheme to defraud was not strictly limited to defrauding the possessors of whiskey of this character but included the more innocent whiskey dealers, who no doubt were entitled to the protection along with the Government against frauds of this kind. At least the statute makes no distinction as to the persons whom it aims to protect because of the presence or absence of ethical ideals.

■ Error is assigned because the Government counsel in argument to the jury made the following statement: "Eban (sic) (defendant's counsel) suggested, if they had intended to defraud anyone, they would have simply stuck the money in their pocket and run off with it. That is crude. These fellows know better. They were old hands in the game."

Immediately following the statement the court instructed and later re-instructed the jury to disregard this remark. Any error which may have been made by the use of the last sentence was thereby cured. U. S. v. Dubrin, 2 Cir., 93 F.2d 499.

■ We are convinced moreover that the statement was not objectionable save as the last sentence might not be supported by the evidence. As to such evidence, we think it existed.

■ The idea that prosecuting attorneys may not speak frankly, vigorously and effectively concerning the unfavorable facts, or to draw therefrom legitimate conclusions, unpleasant and embarrassing to the accused is altogether too common. The district attorney is quite as free to comment legitimately and to speak fully although harshly upon the action and conduct of the accused, if the evidence supports his comments, as is the accused's counsel to comment upon the nature of the evidence and the character of the witnesses which the Government produces and which is favorable to him. There was evidence direct and persuasive to the effect that the said defendant did pocket the profits and did fail to report sales of whiskey certificates when under the company's agreement it was to be aged, bottled and sold for the other party. We see no reason why such facts should not be commented upon, and we fail to understand how the district attorney could have commented on them in a way other than uncomplimentary to the defendant. If any prejudice arose therefrom it was not due to the comments of the district attorney but was due to the facts which were the basis of the comments for which defendant was responsible.

Judgment is affirmed.