### UNITED STATES v. MARKHAM.
#### No. 10281.

United States Court of Appeals
Seventh Circuit.

Oct. 15, 1951.

Rehearing Denied Nov. 3, 1951.

Julius Lucius Echeles, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., William C. Gallagher, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Defendant appeals from a judgment entered upon a jury verdict finding him guilty of all the charges contained in three indictments, consolidated for trial, charging him with the acquisition and transfer of marihuana without having paid the tax thereon, in violation of Secs. 2591(a) and 2593(a), Title 26 U.S.C. The indictments contained a total of ten counts, five charging acquiring marihuana without a tax having been paid on the transfer, and five charging unlawful transfer of marihuana. The trial court sentenced the defendant to three years imprisonment on each count, the sentences to run concurrently.

Defendant alleges the trial court erred in refusing to give an instruction to the jury with respect to the defense of entrapment. During the trial defendant's counsel on several occasions announced that he would rely in part on the defense of entrapment and at the conclusion of the testimony he presented to the court a proposed instruction covering that point. The court refused the proffered instruction and declined to give any instruction with reference to entrapment. The defendant claims that because of defendant's counsel's announcement that entrapment would be a defense, the government was able to get into the record testimony adverse to him which otherwise was inadmissible.

Ordinarily the defense of entrapment raises a question of fact which should be submitted to the jury under proper instructions. Sorrells v. United States, 287 U. S. 435, 53 S.Ct. 210, 77 L.Ed. 413. But submission to the jury is not necessary when evidence of entrapment is entirely lacking. Kendjerski v. United States, 6 Cir., 9 F.2d 909; Bloch v. United States, 5 Cir., 158 F.2d 519; Hall v. United States, 4 Cir., 46 F.2d 461.

Since the defendant neither took the stand nor offered any direct testimony on the subject of entrapment, and called as his only witnesses the U. S. Commissioner and a deputy U. S. Marshal merely to establish the date when he was released on bond, the only possible manner in which he could have produced testimony to go to the jury on the question of entrapment would be on cross-examination. We have carefully read the record and are unable to find any such evidence presented which

would have required the trial court to submit this issue to the jury.

As the result of a search warrant executed on July 13, 1949, marihuana was found on the third floor of an apartment building in Chicago, Illinois, in which the defendant resided. When questioned at that time defendant admitted that the marihuana belonged to him. Subsequently on five occasions, to wit, August 24, October 31 and November 4, 1949, and on February 23 and February 25, 1950, the defendant sold marihuana cigarettes to federal narcotic agents at prices ranging from 35¢ to 50¢ per cigarette.

The government agents merely afforded opportunity on repeated occasions for the defendant to commit a crime which he was ready and willing to commit. Our recent discussion of the rule governing entrapment in a narcotic case applies here. See: United States v. Perkins, 7 Cir., 190 F.2d 49. We see no necessity for a further citation of authorities. We hold that the district court did not err in refusing to submit the question of entrapment to the jury.

█ Defendant also urges as error that the government failed to prove proper demand for an order form as required by the act. Sec. 2593(a), Title 26 U.S.C., provides in part: "It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 2590(a) to acquire or otherwise obtain any marihuana without having paid such tax; and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the collector, to produce the order form required by section 2591 to be retained by him, shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 2590(a)."

The evidence shows that on two occasions a deputy collector of the Bureau of Internal Revenue asked defendant to produce the order form required under the statute and to pay the tax. The deputy collector testified that the defendant told him that he did not have an order form and that he was without funds to pay the tax. We think this was reasonable notice and demand, and shows compliance with the statute.

█ The defendant also urges as error that he was unduly restricted by the court in cross-examining a government chemist. Defendant's counsel insists that he should have been permitted an opportunity to prove, if he could, by cross-examination that marihuana is not a narcotic. Counsel refers to the report of a committee which he says "gives the lie to most of the misconceptions surounding the subject of marihuana." Defendant's counsel also cites from said report: "The practice of smoking marihuana does not lead to addicts in the medical sense of the word," and "Juvenile delinquency is not associated with the practice of smoking marihuana." The short answer to such arguments is that Congress has determined that marihuana is a narcotic. Sec. 787(d), Title 49, U.S.C., states: "The term 'narcotic drug' means any narcotic drug, as now or hereafter defined by sections 171–185 of Title 21, the internal-revenue laws or any amendments thereof, or the regulations issued thereunder; or marihuana as now or hereafter defined by the Marihuana Tax Act of 1937 or the regulations issued thereunder;"

Congress in turn has explicitly included and defined marihuana as a narcotic drug both in the internal revenue code, 26 U.S. C. § 3238(b), and in the Marihuana Tax Act of 1937, 50 Stat. 551, as follows: "Marihuana. The term 'marihuana' means all parts of the plant Cannabis sativa L., whether growing or not; the seeds threof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."

Furthermore, Congress does not share counsel's unique view of the effects of marihuana. In the report accompanying

the bill which became the Marihuana Tax Act (S. Rep. No. 900, 75th Cong., 1st Sess. p. 3) the following appears: "Marihuana is also used illicitly by smoking it in crudely prepared cigarettes, which are readily procurable in almost all parts of the country at prices ranging from 10 to 25 cents each. Under the influence of this drug the will is destroyed and all power of directing and controlling thought is lost. As a result of these effects many violent crimes have been and are being committed by persons under the influence of the drug. Not only is marihuana used by hardened criminals to steel them to commit violent crimes, but it is also being placed in the hands of high-school children in the form of marihuana cigarettes by unscrupulous peddlers. Its continued use results many times in impotency and insanity."

The district court did not err in restricting defendant's cross-examination on the narcotic properties of marihuana.

 Defendant also complains that prejudicial error was committed in the government prosecutor's reference to him as "a trafficker in human misery" in his argument to the jury. The prosecuting attorney was entitled to comment legitimately and to speak fully though harshly upon the conduct of the accused. United States v. Freeman, 7 Cir., 167 F.2d 786. The proof had established five different sales of marihuana cigarettes by the defendant, and we do not think it was prejudicial to refer to him as a trafficker in human misery.

In Indictment 49 CR 579 the defendant is charged in one count with unlawfully acquiring 2499 grains of marihuana without having paid the tax on the transfer of the marihuana to him. This indictment was based on the finding of marihuana in a room on the third floor of the building at 4319 Lake Park Avenue, Chicago, Illinois, where defendant resided, upon the execution of a search warrant, and also the admission of the defendant to government agents that the marihuana belonged to him. Defendant challenges the sufficiency of the affidavit upon which the search warrant was based, and also the manner in which the return to the warrant was made.

Even granting arguendo that the search warrant or the seizure thereunder was invalid, it can avail the defendant nothing on this appeal. The district court could have sentenced defendant to five years imprisonment on each count. The total sentence actually imposed was three years. Conviction on any of the ten counts would support the judgment of conviction. We think there is no question as to the validity of conviction on the other nine counts. Therefore, under well settled authority the judgment of conviction must be and is affirmed. Evans v. United States, 153 U.S. 608, 14 S.Ct. 939, 38 L.Ed. 839; Abrams v. United States, 250 U.S. 616, 40 S.Ct. 17, 63 L.Ed. 1173; Brooks v. United States, 267 U.S. 432, 441; Whitfield v. State of Ohio, 297 U.S. 431, 56 S.Ct. 532, 80 L.Ed. 778; United States v. Kelley, 7 Cir., 186 F.2d 598, 602; United States v. Holmes, 7 Cir., 187 F.2d 222; United States v. Hornstein, 7 Cir., 176 F.2d 217; United States v. Empire Packing Co., 7 Cir., 174 F.2d 16.

Judgment affirmed.