**UNITED STATES of America,**
**Plaintiff,**

v.

**Russell F. KNUTSON, Defendant.**

**Cr. No. 2228.**

United States District Court
N. D. Indiana,
South Bend Division.

Feb. 17, 1960.

Hugh A. Henry, Asst. U. S. Atty., South Bend, Ind., for plaintiff.

Carl Franceschini and Robert Salek, LaPorte, Ind., for defendant.

GRANT, District Judge.

Defendant was indicted on July 17, 1959 on twenty nine Counts for violation of certain provisions of the United States Postal Laws. Counts I to XVI inclusive and Count XXIX charge the defendant with having "devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises to various and sundry persons who were desirous of purchasing books and other publications from the defendant * * * in violation of Section 1341, Title 18 of the United States Code Annotated." Counts XVII to XXVIII inclusive charge the defendant with having deposited in the mails certain "advertisements and solicitation material giving information as to where lewd, filthy and obscene publications might be obtained * * * in violation of Section 1461, Title 18 of the United States Code Annotated."

On August 11, 1959 defendant filed a motion to dismiss Counts I to XVI inclusive and Count XXIX for the reason that said Counts do not state facts sufficient to constitute offenses against the United States. Argument was heard on September 10, 1959 and again on November 23, 1959.

Defendant contends that the indictment is insufficient for the reason that the defendant is not apprised as to whether the scheme and artifice to defraud, with which he is charged, is that he did not intend to deliver books ordered, as alleged in paragraph (d) of Count I, or, that he did not refund or intend to refund the purchase price to dissatisfied purchasers as he advertised he would do and as alleged in paragraph (e). This contention is well taken when considered in connection with paragraph (f) of Count I which reads as follows:

"that so having devised the aforesaid scheme and artifice to defraud and for obtaining money or other property by means of said false and fraudulent pretenses, representations and promises, the defendant did take and convert to his own use and benefit money and property so obtained from said purchasers and intended purchasers of said book, intended to be defrauded by virtue of the aforesaid scheme and artifice to defraud."

■ There can be little disagreement that a scheme to defraud is essential to the offense of using the mails to defraud. United States v. Momsen, 7 Cir., 1940, 115 F.2d 635, certiorari denied Monsen v. United States, 1941, 312 U.S. 701, 61 S.Ct. 805, 85 L.Ed. 1134; United States v. Beck, 7 Cir., 118 F.2d 178, certiorari denied 1941, 313 U.S. 587, 61 S.Ct. 1121, 85 L.Ed. 1542.

■ In determining the sufficiency of an indictment the Federal Courts are in basic agreement that the test to be applied is that the indictment set forth the scheme to defraud with such particularity as will enable the defendant to know with some certainty what he must defend at trial and further that he must be able to plead double jeopardy in the event a subsequent indictment based on the same transactions is found against him.

■ In the instant case the defendant cannot know whether he must defend against the charge that he used the mails in furtherance of a scheme to obtain money on the false pretense of offering a book for sale which is not intended ever to be delivered, or whether he must defend against the charge that he used the mails in furtherance of a scheme to obtain money on the false pretense of offering a book for sale with the representation that in the event the purchaser is not satisfied after delivery the purchase price would be refunded, when in fact the defendant did not intend to so refund the purchase money. As to each of the specific instances charged in Counts I to XVI inclusive and Count XXIX the two schemes are contradictory. For example, if, as charged in Count I the defendant had caused to be placed in an authorized depository for mail a letter addressed to one Earl K. Southerland in furtherance of the aforesaid scheme and artifice, the defendant could not have

intended not to deliver the book represented in the letter and at the same time intend not to refund the purchase price in the event the purchaser was dissatisfied. Certainly, it is not proper that a defendant must either choose which charge to prepare his defense against or prepare to defend against both.

It Is Hereby Ordered and Adjudged that said motion to dismiss be and the same is hereby granted.

By virtue of this Order defendant's motion to separate counts of indictment filed August 11, 1959 is rendered moot and the same is hereby ordered withdrawn.