**UNITED STATES of America,**

v.

**Monroe CAINE, Defendant.**

**No. 67 Cr. 432.**

United States District Court
S. D. New York.

July 13, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for the United States, by Douglas S. Liebhafsky, Asst. U. S. Atty., New York City.

Bass & Friend, New York City, for defendant.

MANSFIELD, District Judge.

The defendant, who is charged in a 60-count indictment with use of the mails to defraud in violation of Title 18 U.S.C. § 1341, moves for (1) dismissal of Counts 25–60; (2) discovery and inspection pursuant to Rule 16, F.R.Crim. P.; and (3) a bill of particulars.

Counts 1–24 allege a scheme to defraud various newspapers in connection with the defendant's promotion of mail order sales of its talking fish lures, under which the defendant would order newspaper advertisements under the name of an advertising agency (Wortman, Barton & Russell, Inc.) without its authority, inducing the papers to print the advertisements without prepayment in reliance on the agency's credit. Each count alleges that for the purpose of executing the scheme the defendant caused a parcel to be sent and delivered by the United States Post Office Department to a certain newspaper, identified by name.

Counts 25–60, which are the subject of the motion to dismiss, involve a different scheme to defraud, as part of which the defendant would insert in newspapers advertisements offering "talking fish lures" for mail order sale by himself under the name of "Spalding (Fish & Game Div.)", which "would contain false and misleading representations as to the nature of the fish lures which would be supplied in response to the resulting mail orders". It is further alleged to be part of the scheme that when numerous persons would mail remittances to the defendant in response to such advertisements some "would receive no fish lures and that others would receive fish lures which were not as described in the said advertisements and which were worth substantially less than the amounts paid". Each count alleges that for the purpose of executing the scheme the defendant received from post offices and other mail depositories a letter from a sender, which is identified by name and a specified date.

MOTION TO DISMISS

Turning first to the motion to dismiss, the defendant contends that Counts 25–60 are fatally defective: (1) for failure to state in what respect the newspaper advertisement was false and misleading and how the lures to be received by some persons were worth substantially less than the amounts paid; and (2) ambiguity or inconsistency in the charge that under the scheme some persons would receive no fish lures and others would receive fish lures not as described in the advertisement and worth less than those advertised.

The purpose of an indictment is to furnish the defendant with a sufficient description of the charge against him to enable him to prepare and conduct his defense and to avail himself of his conviction or acquittal as a bar to a second prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); United States v. Lamont, 236 F.2d 312 (2d Cir. 1956). The essential facts claimed to constitute the offense must also be alleged in order to enable the Court to determine whether they are legally sufficient to charge the crime. United States v. Seeger, 303 F.2d 478 (2d Cir. 1962). On the other hand, if the essential elements are stated, evidentiary details need not be alleged, United States v. Shindler, 13 F.R.D. 292 (S.D.N.Y. 1952), and an indictment for mail fraud is not tested by rules applicable to indictments for obtaining money under

false pretenses. Emanuel v. United States, 196 F. 317 (2d Cir. 1912); United States v. Crummer, 151 F.2d 958 (10th Cir. 1945), cert. denied, 327 U.S. 785, 66 S.Ct. 704, 90 L.Ed. 1012 (1946); Leche v. United States, 118 F.2d 246 (5th Cir.), cert. denied, 314 U.S. 617, 62 S.Ct. 73, 86 L.Ed. 496 (1941). The sufficiency of a mail fraud indictment must of necessity turn to a great extent on the nature of the scheme alleged.

■ Applying these principles here the Court is of the view that while the indictment could well have alleged the scheme in greater detail, it meets the overall test laid down by the Supreme Court in *Wong Tai*, supra, of informing the defendant with sufficient particularity of the scheme to defraud to enable him to defend himself and preclude double jeopardy. It advises the defendant of the general nature of the alleged scheme to defraud, i. e., the use of an advertisement for the sale of "talking fish lures" under the name of "Spalding (Fish & Game Div.)" which contained false and misleading representations, with the intent that those responding to it would either receive no fish lures at all or receive lures that did not conform to the advertisement. The indictment further specifies the name of each sender responding by letter to the advertisement and the date when the response was made. Armed with these basic elements, and with a copy of the advertisement which the Government will be required to furnish in response to defendant's demand for particulars, the defendant is sufficiently acquainted with the elements of the charge against him to defend and preclude a second prosecution for the same offense.

Unlike the charges here, the indictments which were the subject of decisions cited by the defendant failed completely to acquaint the defendants there with the essential elements of the charge, and hence were dismissed. For instance, in United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516 (1888), the indictment merely alleged that the defendant had "devised a scheme to defraud diverse other persons to the jurors aforesaid as yet unknown" and set forth a letter alleged to have been received by defendant pursuant to this scheme which read: "If there is any money to be made at it, then count me in. Send on all the confidential terms you have, and you will never be betrayed." The instant case is clearly distinguishable, for here the defendant knows that he is charged with selling fish lures that allegedly did not fulfill the representations of a specific advertisement placed by the defendant for such lures, which furnishes much more information than was supplied in the *Hess* case. Similarly, the indictment which was dismissed in United States v. Mercer, 133 F.Supp. 288 (N.D. Cal.1956), also relied upon by defendant, read as follows:

"Said defendants, and each of them, did, on or about the 17th day of February, 1955, in the City and County of San Francisco, State and Northern District of California, having devised a scheme for obtaining money by means of false and fraudulent pretenses, representations and promises, transmit sounds by means of interstate wire from Phoenix, Arizona to San Francisco, California, for the purpose of executing such scheme."

The present indictment is much more informative than the above. Furthermore, as the Court stated in United States v. Crummer, supra, in reversing the dismissal of an indictment charging mail fraud:

"While the particulars of the scheme are matters of substance and therefore must be described with a degree of certainty sufficient to show its existence and character, and fairly to acquaint the defendant with the particular fraudulent scheme charged against him, still the scheme itself need not be pleaded with all the certainty in respect of time, place, and circumstance requisite in charging the mailing of the letter or other matter." (151 F.2d at p. 963)

Equally appropriate is the language of the Court of Appeals in United States v.

Shavin, 287 F.2d 647, 90 A.L.R.2d 888 (7th Cir. 1961):

"The indictment here definitely charges the defendant, as a practicing attorney, with a continuing scheme to defraud insurance companies by falsely representing the amount of the medical bills to the insurance carriers against whom the defendant's clients had claims. It includes certain named companies. We are of the opinion that the indictment sufficiently charges the two necessary elements of the offense and by specifically describing the mailing, the gist of the offense, the defendant is protected from being placed in jeopardy a second time for the same offense." See United States v. Unger, 295 F.2d 889, 891 (7th Cir. 1961).

■ To the extent that the indictment here fails to spell out the details of the alleged scheme or the representations in the newspaper advertisements that are claimed to have been false and misleading, the defendant will be furnished with particulars by the Government in accordance with the disposition hereinafter made of his motion for such particulars. The function of such a bill of particulars, to which the defendant is entitled under Rule 7(f), F.R.Crim.P., is to insure the charge will be particularized sufficiently to enable him to prepare his defense, avoid surprise and plead double jeopardy in the event of subsequent prosecution for the same offense. United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Klein, 124 F.Supp. 476 (S.D. N.Y.1954).

■ While it is true that a bill of particulars cannot be used to cure or amend a defective indictment, Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), the particulars to be furnished in the present case, as distinguished from those in decisions cited in *Russell* * would not amend or alter the indictment to add or state charges not found by the Grand Jury. The essential elements in the present case are stated in the indictment and the sole function of the particulars will be to describe them in greater detail.

■ The defendant's contention that the indictment is invalid for failure to define each of the persons responding to the advertisement who were not to receive lures and which were to receive lures other than those advertised, must be rejected. The essential elements of the crime charged are the existence of a scheme to defraud and the use of the mails for the purpose of effectuating it. In this case the alleged scheme consisted of the plan to use a false advertisement to induce customers to send their remittances to the defendant with the intent that the defendant would either not send the customers any merchandise at all or would send them inferior lures. It is not alleged that the defendant determined in advance which customers would receive lures and which ones would not.

It is unrealistic to urge, as does the defendant here, that the only kind of scheme to defraud that may be alleged is one in which the party charged has formulated in advance a separate plan with respect to each customer or response, even before their identities are known to him. It must be recognized that a person may adopt in advance a broader plan to be implemented by more than one fraudulent method or means. In this material respect the scheme alleged here differs from that in United States v. Knutson, 180 F.Supp. 741 (N.D.Ind. 1960), relied upon by the defendant,

---

* Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076 (1930); Ex Parte Bain, 124 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887); United States v. Latimore, 94 U.S.App.D.C. 268, 215 F. 2d 847 (1954); Babb v. United States, 218 F.2d 538 (5th Cir. 1955); Steiner v. United States, 229 F.2d 745 (9th Cir.), cert. denied, Pursselley v. United States, 351 U.S. 953, 76 S.Ct. 845, 100 L.Ed. 1476 (1956); United States v. Dierker, 164 F.Supp. 304 (W.D.Pa.1958).

where the indictment did attempt to charge a separate single scheme as to each addressee solicited by the defendant there, which was defective for vagueness and inconsistency in the description of the scheme.

## MOTION FOR DISCOVERY AND INSPECTION

■ Turning to the defendant's motion for discovery and inspection pursuant to Rule 16, F.R.Crim.P., the Government has already consented to the defendant's inspection of his written affidavit dated July 22, 1964, and a sample of the advertisement referred to in Item 9 of defendant's motion. For the reasons set forth in detail in United States v. Louis Carreau, Inc., 42 F.R.D. 408 (S.D.N.Y. June 30, 1967), in the absence of a showing of any reasons or cause for production, the Government will not be required to furnish a copy of the defendant's Grand Jury testimony or the Postal Inspector's internal memoranda with respect to a conversation had with the defendant on October 8, 1964. In any event the latter memoranda would not fall within the category of "written or recorded statements or confessions made by the defendant" referred to in Rule 16(a) (1), United States v. Federman, 41 F.R.D. 339 (S.D.N.Y.1967); United States v. Elife, 66 Cr. 466 (S.D.N.Y. Feb. 23, 1967).

The alleged schemes to defraud constitute essential elements of the crimes charged respectively in Counts 1–24 and 25–60.

■ *Items 3–6* inclusive of defendant's motion are therefore granted to the extent of requiring the Government to furnish the matrices for advertisements for "talking fish lures" allegedly made and mailed by the defendant to newspapers and received by them, and copies of all insertion orders prepared in the name of Wortman, Barton & Russell, Inc. by the defendant and caused to be mailed by it and received by newspapers, since such matrices and insertion orders appear to be material to the preparation of the defense and the request for them

appears to be reasonable. Cf. United States v. Hughes, 195 F.Supp. 795 (S.D. N.Y.1961); United States v. Greve, 12 F.Supp. 372 (S.D.N.Y.1934); United States v. Sugarman, 139 F.Supp. 878 (D.R.I.1956); United States v. Halsey, Stuart & Co., 4 F.Supp. 662 (D.Wis. 1933).

■ *Item 7*, which requests documents addressed by newspapers to the advertising agency and to the defendant, and *Item 8*, requesting parcels placed in the Post Office by the defendant, are denied on the ground that no showing of materiality or reasonableness is made.

*Item 11*, requesting inspection of letters received and sent by the defendant for the purpose of executing the alleged scheme to defraud, is granted for the reason that the letters appear to be material to the preparation of the defense and the request appears to be reasonable.

## MOTION FOR BILL OF PARTICULARS

■ The defendant's motion for particulars is granted to the extent indicated:

*Item 1(c)*, which requests with respect to Par. 1 of Counts 1–24 of the indictment, that the Government set forth each pretense, representation and promise claimed to have been falsely fraudulent;

*Item 8(d)*, which requests with respect to Par. 1 of Counts 25–60 of the indictment, that the Government set forth each and every pretense, representation and promise by the defendant claimed to have been falsely fraudulent;

*Item 9*, which requests with respect to Par. 4 of Counts 25–60 of the indictment, that the Government set forth each and every representation in the alleged advertisement which is charged to have been false and misleading;

*Item 10(a) and (b)*, which requests with respect to Par. 6 of Counts 25–60 of the indictment, that the Government set forth the names and addresses

of those persons who responded to the advertisement and did not receive fish lures, and the respects in which it is claimed that the fish lures furnished by the defendant to others were not as described in the advertisement.

 All other items requested by the defendant's motion for a bill of particulars are denied for the reason that they seek evidentiary detail, which is not the function of a bill of particulars. United States v. Lebron, supra; United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y. 1962); United States v. Rosenberg, 10 F.R.D. 521 (S.D.N.Y.1950), affd., 195 F.2d 583 (2d Cir.), cert. denied, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687 (1952).

So ordered.