**UNITED STATES of America,
Plaintiff,**

v.

**Emil HRUBIK, Defendant.**

**No. A–101–67 Cr.**

United States District Court
D. Alaska.

Feb. 28, 1968.

Marvin S. Frankel, Asst. U. S. Atty.,
Anchorage, Alaska, for plaintiff.

Edward G. Burton, Burr, Boney &
Pease, Anchorage, Alaska, for defendant.

MEMORANDUM AND ORDER

von der Heydt, District Judge.

■ Defendant Hrubik has moved for an order requiring plaintiff to produce a water sample in its possession for analysis in order to verify or contradict a prior analysis made by plaintiff. Plaintiff opposes the motion.

Rule 16(b) of the Federal Rules of Criminal Procedure states that:

> Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect * * * tangible objects * * * which are within the possession, custody or control of the government, upon a showing of materiality to the preparation of his defense and that the request is reasonable.

The comment notes that the 1966 amendment to this rule "reworded and greatly expanded" it.

■ The test to determine if a court should exercise its discretion and order production of the thing sought is whether it is material to the preparation of the defense and the request is reasonable. United States v. Crisona, 271 F.Supp. 150 (S.D.N.Y.1967).

■ "Anything which the government plans to introduce in evidence against the defendant is clearly material, and his request for it is reasonable." Barron and Holtzoff, Federal Practice and Procedure, Vol. 4, § 2033 (1967 Supp.) See generally, Rezneck, The New Federal Rules of Criminal Procedure, 54 Geo.L.J. 1276, 1279 (1966).

In Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), the Supreme Court made the following comments:

> [D]isclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice. This realization is * * * reflected in the expanding body of materials, judicial and otherwise, favoring disclosure in criminal cases analogous to the civil practice. Id. at 870–871, 86 S.Ct. at 1849.

In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact. Exceptions to this are justifiable only by the clearest and most compelling considerations. Id. at 873, 86 S.Ct. at 1851.

Defendant's motion is granted, and

It is so ordered. See United States v. Caine, 270 F.Supp. 801 (S.D.N.Y.1967); United States v. Acarino, 270 F.Supp. 526 (E.D.N.Y.1967). But see, Beatty v. United States, 377 F.2d 181 (5th Cir. 1967) (production of weapon not required when indictment described weapon in detail).