684

**CARTER v. UNITED STATES.**

No. 3814.

United States Court of Appeals
Tenth Circuit.

March 22, 1949.

H. Harold Calkins, of Denver, Colo., for appellant.

Malcolm Miller, Asst. U. S. Atty., of Lawrence, Kan. (Randolph Carpenter, U. S. Atty., and Lester Luther, Asst. U. S. Atty., both of Topeka, Kan., on the brief) for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

An indictment was returned in the United States Court for Kansas, charging that on or about June 13, 1946, on lands acquired for the use of the United States and under the exclusive jurisdiction of the United States, Frank Carter with premeditation stabbed and murdered Fernando Cervantes. The defendant entered a plea of guilty to murder in the second degree and was sentenced to imprisonment for a period of forty years. The defendant subsequently filed in the case a "motion for relief from judgment" in which he sought to have the judgment and sentence vacated. The motion was denied. About eighteen days later, the defendant filed a motion to vacate the order denying the motion for relief from judgment, and for a resubmission. In such motion, it was alleged that the clerk of the court withheld notice of the order denying the motion for relief from judgment until after the time for appeal from such order had expired. An order was entered denying the motion to vacate and for a resubmission, and the defendant appealed from such order. The order was reversed and the cause remanded with directions. Carter v. United States, 2 Cir., 168 F.2d 310. After the mandate was spread, the court entered an order denying the motion for relief from judgment. This appeal is from that action.

The contention urged for reversal of the order is that the indictment was insufficient in law. The argument is that malice is an essential element of the crime of murder and that the indictment failed to charge that element. Section 273 of the Criminal Code, 18 U.S.C.A. § 452 [now §

1111], provides that murder is the unlawful killing of a human being with malice aforethought; that murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing or murder committed in the perpetration of or attempt to perpetrate arson, rape, burglary, or robbery, or murder perpetrated from a premeditated design unlawfully and maliciously to effect the death of a human being other than the one killed, is murder in the first degree; and that any other murder is murder in the second degree. Section 274, 18 U.S.C.A. § 453 [now § 1112], provides that manslaughter is the unlawful killing of a human being without malice. And section 275, 18 U.S.C.A. § 454 [now §§ 1111, 1112], fixes the penalty for murder in the first degree, murder in the second degree, and manslaughter. The Sixth Amendment to the Constitution of the United States provides among other things that in all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation. And under that constitutional provision, it is essential to the validity of an indictment that it charge all of the essential elements of the offense with sufficient clearness and completeness to show a violation of law, to enable the accused to know the nature and cause of the accusation, to enable him to make his defense thereto, and to enable him to plead the judgment of conviction or acquittal in bar of further prosecution for the same offense. United States v. Crummer, 10 Cir., 151 F.2d 958, certiorari denied 327 U.S. 785, 66 S.Ct. 704, 90 L.Ed. 1012.

Where a statute creating an offense sets forth fully, directly, and expressly all of the essential elements necessary to constitute the crime intended to be punished, it is sufficient if the indictment charges the offense in the words of the statute. It is only where the statute is in general terms and does not set out expressly and with certainty all of the elements necessary to constitute the offense that the indictment must descend to particulars and charge every constituent ingredient of which the crime is composed. United States v. Crummer, supra.

The Federal Rules of Criminal Procedure, 18 U.S.C.A. were in effect at the time of the return of the indictment in this case. Rule 7 provides in presently material part that the indictment or information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. And Rule 58 provides that the forms contained in the appendix of forms attached to the rules shall be illustrative and not mandatory. The first form in the appendix is for murder in the first degree of a federal officer, and the second is for murder in the first degree on a federal reservation. The indictment in this case was drawn literally in the language of the second form. After alleging the time and place of the offense, about which there is no question, the indictment charged that the defendant with premeditation stabbed and murdered the deceased. That charge of murder was sufficient to include the constitutent element of malice, as defined in section 273 of the Criminal Code, supra. Ochoa v. United States, 9 Cir., 167 F.2d 341.

The order denying the motion for relief from judgment is affirmed.