## WEBB v. UNITED STATES.
### No. 4245.

United States Court of Appeals
Tenth Circuit.

Sept. 6, 1951.

A. D. Weiskirch, Wichita, Kan. (Manford Holly, Wichita, Kan., on the brief), for appellant.

Malcolm Miller, Asst. U. S. Atty., Topeka, Kan. (Lester Luther, U. S. Atty. and Eugene W. Davis, Asst. U. S. Atty. Topeka, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The appellant, Ross N. Webb, herein referred to as the defendant, was indicted in the United States District Court for the District of Kansas on four counts which charged the use of the United States mails to defraud, in violation of Title 18 U.S.C.A., § 338, now Title 18 U.S.C.A. § 1341. The defendant was convicted and sentenced upon all four counts. This appeal is from the judgment and sentence on that conviction.

The indictment charged that the defendant, with two others, as officers in a business known as the Weco Stove and Heater Company, devised and intended to devise a scheme and artifice to defraud and to obtain money by false and fraudulent pretenses from named persons and businesses; that the scheme and artifice consisted of advertising certain scarce merchandise such as stoves, water heaters and refrigerators for sale and immediate delivery upon payment of prepaid and partially prepaid orders, when in fact the defendants had no such merchandise and were in no position to sell and deliver the goods ordered pursuant to their advertisement. Each count then alleged that the defendant, for the purpose of effecting the scheme and artifice to defraud, placed and caused to be placed in the United States Post Office in Wichita, Kansas, for mailing and delivery by the Post Office establishment of the United States, certain post cards bearing the return address of Weco Stove and Heater Company, 907 West 12th Street, Wichita, Kansas. The material on each of the post cards is set out in the different counts. In substance the cards stated that the Weco Stove and Heater Company was desirous of opening new territory and establishing new dealerships for described gas ranges, water heaters, paints and enamels and electric refrigerators to be shipped direct from the factory to the customer.

To prove the four counts, the prosecution produced the addressee of each card described in the different counts. Their testimony was substantially the same and was to the effect that each received by mail one of the post cards and ordered some of the appliances described thereon. In each case the payment for the appliances accompanied the order. Shortly thereafter each order was confirmed by mail, which contained a statement that shipment of the order was being made. There was considerable correspondence between the purchasers and the defendant concerning the delivery of the merchandise ordered. It was never delivered nor was the money refunded. In addition to this evidence, the prosecution produced a number of other witnesses who testified that at about the same time they had received

similar cards and advertisements and had ordered and paid for appliances which were not delivered nor the money returned. There was some evidence of falsified bills of lading of merchandise purportedly shipped by the defendant.

Prior to coming to Wichita, the defendant had been in California where he operated what he called a mail order business. He used different business names and numerous addresses. He had no established business location. The office which he opened in Wichita was a residence and had in it only a typewriter and a small mimeograph. It was rented about December 20, 1947, and the cards mailed out shortly thereafter. On January 5, 1948, the persons named in the counts of the indictment were notified that their order was being shipped immediately. Shortly thereafter the office at the Wichita address was abandoned and the defendant left for a new address in California. An employee asked that the mail be kept at general delivery until called for. No forwarding address was ever given the post office at Wichita. The use of the mails and receipt of the orders as alleged were admitted. The defense was that the defendant acted in good faith and with no criminal intent. It was contended that the defendant conducted his business, with few exceptions, by making arrangements with manufacturers to accept the orders and make shipment at the request of the defendant direct to the customer, and that no orders were accepted until after assurance had been obtained that the goods would be available. The defendant had been able to accomplish this to a limited extent prior to coming to Wichita but the testimony does not show that there were any such arrangements in the latter part of 1947 and early in 1948. We have carefully considered the voluminous record and are fully satisfied that there is ample evidence to sustain the conviction.

The defendant assigns as error the order of the trial court overruling his motion to dismiss the indictment upon the grounds that it does not state facts sufficient to constitute an offense against the United States. The mail fraud statute, 18 U.S.C.A. § 338, now 18 U.S.C.A. § 1341, states: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

The offense defined by this statute consists of two essential elements: (1) The existence of a scheme to defraud; (2) The placing or causing to be placed in a Post Office establishment of the United States any letter, post card, etc. for the purpose of executing or carrying out the scheme.[1] It is necessary that the indictment allege the essential elements of the offense. The requirement is met if these essentials are shown sufficiently to inform the defendant as to what he must meet in the preparation of his defense and with such exactness to bar further proceedings

1. United States v. Young, 232 U.S. 155, 34 S.Ct. 303, 58 L.Ed. 548; United States v. Crummer, 10 Cir., 151 F.2d 958, certiorari denied 327 U.S. 785, 66 S.Ct. 704, 90 L.Ed. 1012; Gates v. United States, 10 Cir., 122 F.2d 571, certiorari denied 314 U.S. 698, 62 S.Ct. 478, 86 L.Ed. 558; Graham v. United States, 10 Cir., 120 F. 2d 543; Stryker v. United States, 10 Cir., 95 F.2d 601.

against him for the same offense.[2] The allegations of the indictment are substantially in the words of the statute. It is alleged that the defendants devised a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses and that the United States mails were used for this purpose. The scheme and artifice is set out with such clarity that there could be no doubt or uncertainty as to the nature of the offense charged. No further allegation of intent or knowledge is necessary or required by the statute. Madsen v. United States, supra; United States v. Crummer, supra.

■ We find no merit in the contention of the defendant that the court should have directed a verdict for the defendant upon the opening statement of the prosecution. Opening statements are merely to advise the jury as to what it may expect by way of evidence and questions which will be presented to it. It is not evidence and is merely for the assistance of the jury. In rare instances the opening statement of a party may show affirmatively that it has no right to recover, or in a criminal case that the prosecution cannot make a case. Rose v. United States, 9 Cir., 149 F.2d 755, 758. The opening statement here explained the indictment and the evidence which the prosecution expected to introduce to sustain it. It did not show affirmatively that the prosecution should not prevail.

■ Prior to trial, the defendant filed a motion under Rule 16 of Federal Rules of Criminal Procedure 18 U.S.C.A. for discovery and inspection of all books, papers, documents and tangible objects obtained from or belonging to the defendant, or obtained from others by seizure or process. The motion was directed particularly to correspondence and documents transmitted through the United States mails directed to the defendant or the businesses under which he operated. When the motion came on for hearing it developed that the Post Office Department had in its possession a large quantity of such correspondence and documents which it had gathered from different persons with whom the defendant had communicated, including some persons who were in a similar position to those named in the indictment. The Court refused to grant the motion and suggested that the parties agree upon a time and place where counsel for the defendant might inspect the correspondence and documents in the possession of the United States. Sometime thereafter counsel for the defendant visited the office of the postal inspector, who had charge of the case and who had the material in his possession. He selected such correspondence and documents as he desired and photostatic copies were made and delivered to him. He was not denied the right to inspect or obtain copies of any of the material which the inspector had. The inspector testified that so far as he knew the only material desired by the defendant was that pertaining to the persons named in the indictment. He did not know what other material in his possession would be used by the District Attorney in the trial of the case.

■ A number of witnesses were called by the United States to prove offenses similar to those named in the indictment. The correspondence between these witnesses and the defendant was offered in evidence. The defendant complains that this was a surprise to him and that he should have been furnished the names of these witnesses and been permitted to inspect the offered documents. We need not decide whether these documents are within the class named in Rule 16 as being subject to inspection for it is obvious that the defendant was in no position to complain. If he was dissatisfied with the material

2. Carter v. United States, 10 Cir., 173 F. 2d 684, certiorari denied 337 U.S. 946, 69 S.Ct. 1503, 93 L.Ed. 1749; Madsen v. United States, 10 Cir., 165 F.2d 507, 509; United States v. Crummer, 10 Cir., 151 F.2d 958, 962, certiorari denied 327 U.S. 785, 65 S.Ct. 704, 90 L.Ed. 1012; United States v. Armour & Co., 10 Cir., 137 F.2d 269; Rose v. United States, 10 Cir., 128 F.2d 622, certiorari denied 317 U.S. 651, 63 S.Ct. 47, 87 L.Ed. 524; Travis v. United States, 10 Cir., 123 F.2d 268; Graham v. United States, 10 Cir., 120 F.2d 543; Casebeer v. United States, 10 Cir., 87 F.2d 668.

which was shown him by the inspector he should have returned to the court with a request for a formal order which the court may or may not have granted. Furthermore, it appears from the testimony of defendant that he was fully aware of the matters to which the witnesses testified and that it was no surprise to him. Since the documents themselves were competent evidence, the Court did not err in admitting them.[3]

During the cross-examination of the defendant, a series of objections were made by counsel for the defendant which were sustained, and the jury was instructed to disregard the questions and answers.[4] The defendant now contends that the instruction to disregard the questions and answers was not sufficient to purge the error. We do not agree that the cross-examination complained of was of such character that the instruction of the court would not remove any prejudicial effect. In addition, no motion for mistrial was made which is ordinarily necessary before such matter may be considered on appeal.[5] The granting of a motion for mistrial upon the grounds complained of is ordinarily within the discretion of the trial court and a case will not be reversed except upon clear abuse of that discretion.[6] Considering the record as a whole we think the cross-examination complained of was of little importance and would have little effect on the verdict of the jury.

Finally, the defendant contends that counsel for the United States, in his closing arguments, made such prejudiced and impassioned statements to the jury to justify reversal. There is no merit to this contention. Although some of the statements are not recommended, they were clearly occasioned by previous statements made by counsel for the defendants. Aside from this, the trial court is in a much better position than the appellate court to determine whether statements and remarks of counsel to the jury are prejudicial, and its judgment should be accepted unless the record clearly shows that such statements and remarks in all probability influenced the decision of the jury.[7]

Judgment is affirmed.

3. Troutman v. United States, 10 Cir., 100 F.2d 628, 632; Roper v. United States, 10 Cir., 54 F.2d 845; Butler v. United States, 10 Cir., 53 F.2d 800, 804; Clapp v. United States, 8 Cir., 18 F.2d 906, certiorari denied 275 U.S. 548, 48 S.Ct. 85, 72 L.Ed. 419.

4. The allegedly improper and prejudicial cross-examination of the defendant about which he complained related to checks which customers sent with their orders to the defendant; correspondence between customers and the defendant about defendant's failure to deliver the merchandise ordered; and, in one instance, what use the defendant made of the money he received from one of the customers. Most of this evidence was connected with transactions other than those named in the indictment.

5. Towbin v. United States, 10 Cir., 93 F.2d 861.

6. Land v. United States, 4 Cir., 177 F.2d 346; Weiss v. United States, 5 Cir., 122 F.2d 675, certiorari denied, 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550.

7. Land v. United States, 4 Cir., 177 F.2d 346; United States v. Goodman, 7 Cir., 110 F.2d 390.