STATE OF NEW JERSEY, PLAINTIFF, v. JANICE
STAMBERGER, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided October 23, 1985.

*Terri J. Harrison,* Asst. Pros. for State (*John H. Stamler,*
Union Cty. Pros.).

*Norman J. Abrams,* for defendant (*Abrams, Dalto, Gran Hendricks & Reina*), attorneys.

MENZA, J.S.C.

The issue presented to this court is whether the court must dismiss a charge against a defendant when the prosecutor, in her opening statement, fails to state facts that form the basis of the charge.

The defendant, Janice Stamberger, is charged in two counts of the indictment with the crime of theft, alleged to have occurred on two different dates. The prosecutor failed to make any reference to one of the charges in her opening statement. Defendant moves to dismiss that count of the indictment because of the prosecutor's failure to set forth the factual basis for the charge. She argues that the State has a duty to set forth sufficient facts forming the basis of the charge in order to inform the defendant of the case against her and the facts she must meet.

A distinct minority of jurisdictions which have addressed this issue have concluded that opening statements have the purpose of "informing an accused of the contemplated course of the prosecution and of the facts relied upon by the prosecution, so as fairly to enable him to meet the charge against him". 23A *C.J.S.* Criminal Law, § 1085 at 98; *See also State v. Deppe,* 286 *S.W.*2d 776 (Mo.1956). Under this rule, a court may dismiss the State's case on its opening statement where the prosecutor fails to set forth a factual basis for the charge. The great majority of the jurisdictions that have considered this question, however, hold that the purpose of an opening statement is to advise the jury of the facts in the case in order to prepare them for the evidence that they will hear. Under this rule, the court cannot dismiss the charge on the opening statement unless of course it is convinced, by virtue of the opening statement and subsequent inquiry of the prosecutor, that the State will be unable to produce any proofs regarding the guilt of the defendant. *See*

*White v. State*, 11 *Md.App.* 423, 274 *A.*2d 671 (Ct.Spec.App. 1971). Inherent in this position is the obvious recognition that the defendant has already been apprised of the case against him by ·virtue of his receipt of the charges and the discovery which formed the basis of the charge.

The case of *Webb v. United States*, 191 *F.*2d 512 (10th Cir.1951), is a succinct recitation of the majority position.

> We find no merit in the contention of the defendant that the court should have directed a verdict for the defendant upon the opening statement of the prosecutor. Opening statements are merely to advise the jury as to what it may expect by way of evidence and questions which will be presented to it. It is not evidence and is merely for the assistance of the jury. In rare instances the opening statement of a party may show affirmatively that it has no right to recover, or in a criminal case that the prosecution cannot make a case.

New Jersey appears to be on the side of the majority. Although the Court Rule 1:7–1 mandates that the State must make an opening statement to the jury, the rule is silent regarding the contents or purpose of the opening statements. The Supreme Court has, however, set forth the purpose. In *State v. Lynch*, 79 *N.J.* 327 (1979), the court noted:

> ... an opening statement should set forth only a succinct statement of what a party proposes to prove. The jury, having been given an overview of the State's and defendant's positions, will understand the nature of the action and be able to follow the evidence more intelligently. [At 336.]

■ Therefore, since the function of the opening statement is to apprise the jury and not the defendant, a failure to set forth sufficient facts regarding the guilt of a defendant is not fatal and cannot be a basis for the granting of a motion to dismiss. Moreover, there is no authority that would permit the granting of a motion to dismiss after the State's opening. *Rule* 3:18–1, dealing with Motions of Acquittal, permits a motion of acquittal only at the close of the State's case or after the evidence has been closed. It does not permit a motion of acquittal to be made after the State's opening.

Based upon the foregoing, the State's failure to set forth the facts forming the basis of one of the charges in the instant case does not warrant a dismissal of that charge. The prosecutor's inexplicable oversight is certainly not sound trial practice. The complete failure to set forth facts underlying the charge may very well confuse the jury and hamper its ability to follow the evidence as it is presented. But this inadvertance does not in itself demonstrate that the State does not have any proofs to submit regarding the defendant's guilt. The State has, in fact, averred that it will present proofs on the charge and has given the court a general outline of those proofs. The court has accepted the State's representation regarding its proofs. The defendant's motion is therefore denied.