**F I L E D**

**UNITED STATES COURT OF APPEALS**

**SEP 15 2000**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOEL R. THOMPSON,

      Defendant-Appellant.

No. 99-7056

(D.C. No. 98-CR-32-B)

(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **BRISCOE**, Circuit Judges.

      Defendant Joel R. Thompson appeals his conviction on nineteen counts of mail fraud in violation of 18 U.S.C. § 1341 and two counts of embezzlement from an Indian tribal organization in violation of 18 U.S.C. § 1163. Defendant was sentenced to twenty-three months' imprisonment followed by three years of supervised release. The court also ordered him to pay a special assessment of $2,100 and restitution to the Cherokee Nation in the amount of $81,729.32. On appeal, Defendant contends that (1) the trial court erred in denying his motion for

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a judgment of acquittal on the nineteen mail fraud counts; (2) the jury was improperly instructed on the essential elements of the charged crime; and (3) the court erred in admitting prejudicial and irrelevant evidence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

Between November 1987 and April 1998, Defendant served as Executive Director of the Housing Authority of the Cherokee Nation [HACN]. The HACN is an Oklahoma corporation that provides housing to low income families of the Cherokee Nation. It receives all of its funding from the Department of Housing and Urban Development. While he served as Executive Director of HACN, Defendant also served on the Board of Directors of Amerind Risk Management Corp., a nonprofit insurance company for Indian housing. He was chairman of the Amerind board from November 1995 through April 1998.

Beginning in approximately April 1994 and continuing through August 1997, Defendant engaged in the following conduct. When Defendant traveled to Amerind board meetings, HACN advanced him cash to cover his travel expenses. HACN also issued him an American Express corporate charge card. Instead of using the cash to pay his expenses, Defendant paid for them with the HACN American Express card, and HACN subsequently paid the bills. In addition, in accordance with its by-laws, Amerind reimbursed Defendant for his out-of-pocket expenses incurred in traveling to the board meetings. At Defendant's instruction,

Amerind mailed the reimbursement checks to Defendant's residence and he deposited the checks into his personal checking account.

The superseding indictment charged Defendant with twenty-one counts of mail fraud, three counts of embezzlement, and twenty-one counts of making false statements to a department or agency of the United States in violation of 18 U.S.C. §§ 1341, 1163, and 1001, respectively. Before trial, the court dismissed all twenty-one counts alleging violations of 18 U.S.C. § 1001 and one of the three embezzlement counts. Defendant was tried on the remaining twenty-three counts, but the court dismissed two of the mail fraud counts at the conclusion of the Government's case on Defendant's motion for a judgment of acquittal. The jury found Defendant guilty on all remaining counts. Defendant argues, however, that the trial court erred in denying his motion for a judgment of acquittal on the other nineteen mail fraud counts.

We review de novo a district court's decision to deny a motion for judgment of acquittal, viewing the evidence in the light most favorable to the government to determine whether a rational jury could have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt. See United States v. Schluneger, 184 F.3d 1154, 1158 (10th Cir. 1999), cert. denied, __ U.S. __ , 120 S. Ct. 800 (2000).

Defendant contends that the Government's superseding indictment was

incompatible with its proof at trial because the indictment charged a scheme to obtain property by false or fraudulent representations, but the proof concerned a scheme or artifice to defraud. The Government argues that, viewed in its entirety, the eighteen-page superseding indictment clearly charged a scheme and artifice to defraud HACN and Amerind, providing great detail about Defendant's "double" and "triple" dipping. Appellee's Br. at 4-5.

Defendant is correct that 18 U.S.C. § 1341 identifies two separate offenses: (1) engaging in a "scheme or artifice to defraud," or (2) obtaining money or property by "false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1341; United States v. Cronic, 900 F.2d 1511, 1513 (10th Cir. 1990). "[A] scheme to defraud focuses on the intended end result, not on whether a false representation was necessary to effect the result." Cronic, 900 F.2d at 1513. A scheme to obtain money by false or fraudulent representations, on the other hand, "focuses on the *means* by which the money was obtained." Id. at 1514. We examine the language of the superseding indictment to determine its focus.

The indictment stated that Defendant "devised a scheme and artifice to defraud HACN and AMERIND of and concerning money . . . [and that] [i]t was a part of the scheme and artifice that the defendant would submit false expense reports to AMERIND for out-of-pocket expenses that had been previously paid for by HACN." Appellant's App., Vol. One at 26. In addition, the indictment

specified that on twenty-one occasions Defendant requested and received an advance of funds from HACN for travel expenses, that he charged travel expenses on his HACN American Express card for which the advances were supposed to pay, that HACN subsequently paid all the charges incurred on Defendant's American Express card, that Defendant requested and received reimbursement for those same expenses from Amerind, and finally, that Defendant used the United States mail to further his scheme. See id. at 24-29.

Although the indictment states that part of the scheme and artifice was to submit false expense reports to Amerind and although the Government presented some evidence concerning the falsity or fraudulent nature of those expense reports, those incidentals do not focus the indictment on the false representation or the means by which the money was obtained. The indictment as a whole focuses on Defendant's intent to defraud both HACN and Amerind of the travel expense money.

In addition, although Defendant does not claim that the indictment was insufficient as the term is traditionally used, we rely on this concept to further establish the validity of the indictment. Viewed in its entirety, the indictment was sufficient because it contained "the elements of the offense charged" and put Defendant "on fair notice of the charges against which he must defend." United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997) (citation omitted); see

also United States v. Crummer, 151 F.2d 958, 963 (10th Cir. 1945) (considering all parts of the indictment and "looking to the allegations in some parts as an aid to understanding the allegations in other parts" to determine the indictment's sufficiency). We hold that the district court did not err in denying Defendant's motion for judgment of acquittal on the mail fraud counts of which he was convicted.

In his second claim of error, Defendant argues that the court failed to properly instruct the jury on the essential elements of the crime charged under § 1341. The government contends that, consistent with the indictment and the evidence presented at trial, the court properly instructed the jury of the essential elements of the prong of mail fraud alleging a scheme and artifice to defraud.

We review jury instructions de novo "to determine whether, as a whole, the instructions correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." Hynes v. Energy West, Inc., 211 F.3d 1193, 1197 (10th Cir. 2000); see also United States v. Hanzlicek, 187 F.3d 1228, 1233 (10th Cir. 1999) (evaluating jury instructions "as a whole to evaluate their adequacy" in case involving violations of 18 U.S.C. § 1341).

This court has determined that the essential elements of fraud under § 1341 are "(1) the devising of a scheme either to (a) defraud or (b) obtain money

through false or fraudulent pretenses, representations, or promises; (2) a specific intent to defraud; and (3) the use of the United States mails to execute the scheme." United States v. Deters, 184 F.3d 1253, 1257 (10th Cir. 1999). In this case, the district court instructed the jury on the elements it was required to find beyond a reasonable doubt to convict Defendant of counts one through nineteen. The court's instruction states:

> *One:* That the Defendant knowingly devised or knowingly participated in a scheme or artifice to defraud . . . ;
>
> *Two:* That the Defendant did so with the intent to defraud; and
>
> *Three:* In advancing, or furthering, or carrying out this scheme to defraud, the Defendant used the mails or caused the mails to be used.

Appellant's App., Vol. One at 61 (Instr. No. 13). The court also gave the jury detailed instructions on the definitions of each of these elements. See id. at 62-66 (Instr. Nos. 14-17). Because we have concluded that the indictment charged a scheme or artifice to defraud, mail fraud by false representation was not an essential element of the § 1341 offense. As a result, the court was not required to instruct the jury on the prong of § 1341 which involves obtaining money through false or fraudulent pretenses, representations, or promises, see Cronic, 900 F.2d at 1513-14, and we hold that the court properly instructed the jury with respect to charges under § 1341.

Finally, Defendant asserts that the court improperly admitted evidence

against him that was prejudicial and irrelevant. Because Defendant did not object to the admission of this evidence at trial, we review its admissibility for plain error. See Fed. R. Crim. P. 52(b); United States v. McSwain, 197 F.3d 472, 482 (10th Cir. 1999), cert. denied, __ U.S. __ , 120 S. Ct. 2024 (2000). To establish plain error, Defendant must show that a plain and obvious error affected his substantial rights and seriously affected the integrity of his judicial proceedings. See Johnson v. United States, 520 U.S. 461, 467 (1997); accord Deters, 184 F.3d at 1258 ("Plain error is that which is obvious, or which seriously affects the fairness or integrity of the trial." (citation omitted)).

Defendant challenges a portion of the testimony of HACN's finance director. She testified that when reimbursement exceeds actual travel expenses, that excess should be treated as income by the IRS. Then, when asked whether Defendant ever had "additional travel expenditures that he received and reported as income," the finance director answered, "No." Appellant's App., Vol. Two at 243-44. Defendant claims this testimony shows that he was not reporting income to the IRS and therefore its admission violated the district court's pretrial order prohibiting the Government from introducing evidence that Defendant had failed to file tax returns. He also alleges, without discussion, that the testimony was prejudicial and violated Fed. R. Evid. 404(b).

Defendant's allegation that this brief and innocuous testimony (a few lines

selected from over 500 pages of trial transcript) was prejudicial is not supported by any argument, record citation, or law, nor by any evidence we have located in our review of the record. The bare allegation of prejudice does not demonstrate plain error.

Rule 404(b) excludes "[e]vidence of other crimes, wrongs or acts . . . to prove the character of the person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.

From our review of the district court's pretrial order and the Government's Motion in Limine, the district court excluded only "evidence that Defendant failed to file income tax returns" from 1993 through 1997. Appellant's App. Vol. One at 44; see also R., Vol. I, Doc. 8 at 2. We note, however, that the court granted the Government's motion allowing the admission of evidence of the IRS judgment against Defendant in the amount of $26,320.32 because, under Rule 404(b), it was admissible to show "Defendant's alleged motive for committing the offenses charged." Appellant's App., Vol. One at 44. The court also granted the motion admitting evidence of specific instances of Defendant's conduct because it demonstrated "Defendant's alleged plan and intent in committing the charged offenses." Id. This evidence involved instances where Defendant caused

-9-

Amerind expense checks to be delivered to him after having been reimbursed for such expenses by the HACN, where he charged expenses to his HACN charge card after having been paid a travel advance for those same expenses, and where he charged personal expenses on the HACN card that were paid for by HACN without reimbursement by Defendant. See id.; R., Vol. I, Doc. 8 at 2-3.

Thus, based on the limited scope of the court's pretrial order and our review of other trial testimony, we conclude that the admission of the finance director's testimony did not violate Rule 404(b). Furthermore, Defendant has not shown that it seriously affected the fairness or integrity of his trial.

Defendant also challenges the finance director's testimony that Defendant gave false information to the HACN board of directors. When asked whether she had "ever seen instances when [Defendant] ha[d] been less than candid to board members about the ongoing business of the Housing Authority," the finance director answered, "Yes." R., Vol. III at 109. She then was asked to "give a specific example of [Defendant] being less than candid to board members about how the Housing Authority was being run," id., and she replied:

> There were times when I would give the financial report and there would be a deficit in one of the reports. [The board members] would ask if HUD would give us a subsidy for that deficit and he would not give me a chance to answer. He would . . . jump in and he would answer that, yes, HUD would give us a subsidy for those deficits[, but] HUD would not give us a subsidy for those deficits.

Id.

-10-

Defendant contends that this evidence attacked his character in violation of Rule 404(a) by showing that he was dishonest. The Government counters by arguing that the finance director's testimony was admissible under Rule 404(b) to show "a common plan to deceive and . . . an absence of mistake" about the scheme to defraud both HACN and Amerind. Appellee's Br. at 11.

While the Government's argument concerning the common plan exception to Rule 404(b) is a stretch, its argument that the finance director's testimony was admissible under Rule 404(b) to show absence of mistake is appropriate. Further, Defendant's bald assertions that the challenged testimony "clouded" the jury's ability to weigh the evidence and that it caused the jury to conclude that Defendant "probably acted in conformity with the poor character trait" are not sufficient to establish plain error. Appellant's Br. at 16-17. Nothing in our review of the record demonstrates that the challenged testimony seriously affected the fairness or integrity of Defendant's trial.

For the foregoing reasons, we AFFIRM Defendant's convictions.

Entered for the Court


Monroe G. McKay
Circuit Judge